IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE J. SPINO, | |
| Plaintiff, | Case No.: |
| v. | NOTICE OF REMOVAL BY DEFENDANT |
| LYFT, INC., a Delaware Corporation, | (Pursuant to 28 U.S.C. § 1446 – Diversity Jurisdiction) |
| Defendant. | |

## NOTICE OF REMOVAL

For its Notice of Removal pursuant to 28 U.S.C. § 1446, Defendant Lyft, Inc. ("Lyft"), a Delaware Corporation, through its attorneys, Eric Y. Choi, Gail Lee, and Thomas Zahrt, states:

1. Plaintiff, Lawrence J. Spino, filed his initial complaint in the Circuit Court of Cook County on July 15, 2025. (**Exhibit A**, Complaint.) The Complaint names Lyft, a Delaware Corporation with its principal place of business in California, as the sole Defendant (Ex. A at p. 1, ¶ 2.)

2. Plaintiff's Complaint contains allegations of strict products liability, negligent design, negligent failure to warn, negligent training, and general negligence, and is based on a purported carjacking that took place on June 23, 2024 and led to the shooting and paralysis of Plaintiff (the "Incident"). (*Id.* at p. 2, ¶ 4.)

3. Plaintiff served Lyft through its Illinois registered agent on August 19, 2024. (**Exhibit B**, Affidavit of Process.)

1

I. **This Litigation Satisfies the Requirements for Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332**

4. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over an action where there is: (1) complete diversity of the Parties; and (2) more than $75,000 in controversy alleged. Both elements for diversity jurisdiction exist in this case.

5. First, there is complete diversity of parties. Plaintiff is an Illinois citizen. (Ex. A at p. 1, ¶ 1.)

6. Defendant Lyft is a corporation organized under the laws of the State of Delaware, with its principal place of business in California. (**Exhibit C**, Illinois Secretary of State Corporation File Detail Report for Lyft, Inc.)

7. Second, this matter involves more than $75,000 in controversy. In his Complaint, Plaintiff alleges that he was shot multiple times, including in the back of the neck, and was paralyzed during the Incident (Ex. A at p. 2, ¶ 4; p. 3, ¶ 10; pp. 9-10, ¶¶ 50-52.) As a result, Plaintiff alleges he "suffered serious injuries of a personal and pecuniary nature, including physical injuries, pain, suffering, loss of a normal life, disability, disfigurement, lost income, and [has] been become obligated for treatment and other expenses," including "losses [that] [were] incurred in the past and will continue to be incurred in the future," some of which "are permanent" (*id.* at p. 12, ¶ 61.)

8. Because Illinois' Code of Civil Procedure does not require a party to plead a maximum amount of damages in an Illinois state court filing – only the minimum – the Plaintiff's State Court complaint claimed only that his damages already exceed $50,000. (Ex. A at p. 20; *see also* 28 U.S.C. § 1446(c)(2)(A)(ii).) However, the serious nature of Plaintiff's alleged injuries— which include gunshot wounds and paralysis, resulting in ongoing and potentially permanent pain, suffering, loss of a normal life, disability, disfigurement, lost income, and medical treatment—

2

place his claimed economic and non-economic damages above $75,000. *See* 28 U.S.C. § 1446(c)(2)(B); *McCoy v. GMC*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (Explaining that "courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceed[] the jurisdictional amount, thus triggering the 30-day removal period under the first sentence of § 1446(b)" and chastising a defendant for not removing a case involving "severe and permanent injuries, including paralysis" where the plaintiffs "sought damages for lost income," thereby placing the defendant "on notice that the case was removable."); *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.").

9. Accordingly, this lawsuit meets both elements of diversity jurisdiction: (1) complete diversity of parties and (2) more than $75,000 alleged in controversy. 28 U.S.C. § 1332.

10. Venue also is proper in this judicial district.[1] Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff alleges in his Complaint that the subject Incident occurred in Cook County, Illinois. (Ex. A, p. 1, ¶ 3.) Cook County, Illinois is located in the Northern District of Illinois, Eastern Division.

---

[1] By noting that venue is proper in this judicial district for purposes of removal, Lyft does not waive and explicitly preserves its right to seek arbitration of this matter in this venue pursuant to its contract with Plaintiff.

**II.     Lyft Timely Filed Its Notice of Removal Pursuant to 28 U.S.C. § 1446**

11.    Lyft timely filed its Notice of Removal. Pursuant to 28 U.S.C. § 1446(b)(2)(B), a party seeking removal must file notice "within thirty days after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

12.    Lyft received the Complaint at Law via service on its registered agent on August 19, 2025. (Ex. B.) Thus, Lyft had thirty (30) days from August 19, 2025 – *i.e.*, until September 18, 2025 – to file its notice of removal.

13.    Therefore, Lyft satisfied all requirements for removing this action to Federal Court. *See* 28 U.S.C. § 1446(b)(2)(A)-(C).

14.    Because this lawsuit meets the requirements for diversity jurisdiction, and Lyft timely filed and served its Notice of Removal, this lawsuit qualifies for removal to Federal Court. Therefore, Lyft requests this action's removal from Cook County Circuit's Court's Law Division to the United States District Court for the Northern District of Illinois, Eastern Division.

WHEREFORE, Defendant Lyft, Inc. respectfully requests this cause of action's removal to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated:  September 18, 2025 

Respectfully Submitted,

LYFT, INC.

By: _____
One of Its Attorneys

Eric Y. Choi
Gail Lee
Thomas Zahrt
NEAL, GERBER & EISENBERG LLP
225 W. Randolph St., Ste. 2800
Chicago, Illinois 60606
Telephone: (312) 269-8000
Facsimile:  (312) 980-0736
echoi@nge.com
glee@nge.com
tzahrt@nge.com

*Counsel for Defendant Lyft, Inc.*

## **CERTIFICATE OF SERVICE**

I, Thomas N. Zahrt, herby certify that on September 18, 2025, a true and accurate copy of the Notice of Removal was filed via the Court's CM/ECF system, notice of which will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                              _/s/ Thomas N. Zahrt_