**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Lawrence J. Spino
Plaintiff,
v.
Lyft, Inc.
Defendant.

Case No.: 1:25−cv−11338
Honorable Martha M. Pacold

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, October 5, 2026:

MINUTE entry before the Honorable Martha M. Pacold: The motion to compel arbitration, [9], is granted, the oral argument set for 10/20/2026 at 10:00 a.m. in Courtroom 2325, [27], is stricken, and the action is stayed pending arbitration. See *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024). First, the court finds that plaintiff agreed to arbitration. See *Tinder v. Pinkerton Security*, 305 F.3d 728, 735 (7th Cir. 2002). In that case, the party opposing arbitration argued that she &quo;t;d[id] not recall seeing or reviewing the Arbitration Program brochure that Defendant alleges was included with her payroll check in October, 1997." *Id.* at 736. This argument, the Seventh Circuit held, "d[id] not raise a genuine issue of material fact" as to whether she had agreed to arbitration. *Id*. So too here. Plaintiff says that he does not "recall agreeing to Lyft's Terms of Service." [14−1] at 1. But defendant has presented digital records that plaintiff accepted defendant's terms of service, along with information about the plaintiff's car and driver's license that indicates he was driving for defendant. [10] at 2−8. Thus, no issue of material fact exists as to whether plaintiff agreed to arbitration. Second, the agreement delegates questions of arbitrability to the arbitrator. It says "disputes concerning the arbitrability of a Claim (including disputes about the scope, applicability, enforceability, revocability or validity of the Arbitration Agreement) shall be decided by the arbitrator." [9−2] at 23. Courts must enforce these delegation clauses, unless the party challenging an arbitration agreement specifically challenges the delegation clause. *See Rent−A−Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 66, 72 (2010). Here, plaintiff does not specifically challenge the delegation clause. Instead, he argues the agreement is unconscionable, violates Illinois public policy, does not apply because he was the victim of criminal activity, and that his claims fall outside the agreement's scope without addressing why those challenges apply specifically to the delegation clause. These questions are for the arbitrator to decide. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019) (explaining that when the "parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract"). For docket management purposes, this case is administratively closed. Either party may file a motion to lift the stay and/or reopen the case if it believes doing so is appropriate. Civil case terminated. Mailed notice(mjc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.